# THE STATE OF TEXAS

7/2/21
10:45 AM

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **WALMART INC.**, who may be served with process **by serving its registered agent CT CORPORATION SYSTEM** at **1999 Bryan St., Suite 900, Dallas, TX 75201-3136** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of June, 2021, by Attorney at Law ,KATY THOMPSON, 4807 Spicewood Springs Rd Bldg 2 Ste 100 Austin TX 78759 in this case numbered **2021DCV2280** on the docket of said court, and styled:

### GEORGE OLAGUE VS WALMART INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 1st day of July, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: __NORMA FAVELA BARCELEAU__ District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez


EXHIBIT "B"

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20___, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____
_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

    FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

                                             _____ _____ County, Texas

        Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____ 20____, at _____o'clock ___m. this copy of this instrument.

                                                                     _____, Sheriff/Agent

                                                                     _____County, Texas

                                                          By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _____ **DAY OF** _____, 20____.

       **(SEAL)**

                                                     _____

                                                   **NOTARY PUBLIC, STATE OF TEXAS**

Case: 2021DCV2280

# RETURN

Came on hand on __2__ day of __July__, 20__21__, at __8:14__ o'clock __A__.M., and executed in __Dallas__ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE MONTH | DAY | YEAR | TIME Hour | Min. | .M. | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| CT Corporation System registered agent for Walmart Inc | 7 | 2 | 2021 | 11:13 | | Am | 1999 Bryan St. Ste. 900 Dallas, TX 75201 |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

The diligence used in finding said defendant, being _____
And the cause of failure to execute this process is: _____
And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____ _____ Sheriff
_____ County, Texas
Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to __ct corporation system registered agent for Walmart Inc__, on the __2__ day of __July__ 20__21__, at __11:13__ o'clock __A__ m. this copy of this instrument.

__Marcus Diaz   PS c# 13928  Expires 5/31/22__, Sheriff/Agent
__Dallas__ County, Texas
By __Marcus Diaz__, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE __6th__ DAY OF __July__, 20__21__.

[SEAL] ALFRED JESUS BARRERA, JR.
Notary Public, State of Texas
Comm. Expires 03-14-2025
Notary ID 129346812

__Alfred Jesus Barrera__
NOTARY PUBLIC, STATE OF TEXAS

Copy from re:SearchTX



**SANDOVAL & JAMES**
ATTORNEYS AT LAW

4807 Spicewood Springs Rd.
Bldg. 2, Suite 100
Austin, TX 78759

Office: (512) 382-7707

Fax: (512) 382-6646

July 6, 2021

<u>*Via E-File Texas*</u>
El Paso County District
Norma Favela Barceleau
500 E San Antonio Ave #103
El Paso, Texas 79901

   **Re:** **Cause No. 2021DCV2280**; *George Olague v. Walmart Inc.;* **In the Judicial District Court, El Paso County, Texas**

Dear Ms. Favela, Barceleau:

 We are currently E-filing the execute citation for Defendant Walmart Inc. in the above-referenced matter. Please see the execute citation for Defendant Walmart Inc.

       Best Regards,

       SANDOVAL | JAMES, PLLC

       *Karen L. Martinez*

       Karen L. Martinez
       Litigation Paralegal

/km

Enclosures: as stated

Copy from re:SearchTX

El Paso County - County Court at Law 3

Case 3:21-cv-00243-DCG   Document 1-2   Filed 10/05/21   Page 5 of 20

Filed 6/30/2021 2:11 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2280

NO. _____

| | | |
|---|---|---|
| **GEORGE OLAGUE**<br>**Plaintiff,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§<br>§<br>§<br>§<br>§ | **_____ JUDICIAL DISTRICT** |
| **WALMART INC.**<br>**Defendant.** | §<br>§ | **EL PASO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES GEORGE OLAGUE, hereinafter called "Plaintiff," complaining of and about WALMART INC., hereinafter called "Defendant," and for cause of action shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2 of the *Texas Rules of Civil Procedure* §190.4 and affirmatively pleads that he seeks monetary relief aggregating more than $100,000 but less than $250,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees.

### II.
### PARTIES AND SERVICE

2. Plaintiff **GEORGE OLAGUE** is an individual and resident of Texas. Pursuant to Texas Civil Practice and Remedies Code §30.014, the last three digits of his social security number are 521, and the last three numbers of his driver's license are 442.

3. Defendant, **WALMART INC.** (hereinafter "Defendant" or "Walmart"), conducts business in El Paso County, Texas and can be served through its registered agent CT Corporation System located at 1999 Bryan St., Suite 900 Dallas, Texas 75201-3136.

### III.
### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. This Court has proper jurisdiction over the parties because Plaintiff is a resident of Texas and Defendant is a foreign for-profit Delaware Corporation doing business in the State of Texas and the incident giving rise to this litigation arises under the nexus of the contacts that Defendant has doing business in the State of Texas.

6. Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the *Texas Civil Practice and Remedies Code* because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.
### FACTS

7. On or about December 6th, 2019, in El Paso County, Texas, Plaintiff was shopping in Walmart #500 when he unexpectedly slipped and fell on rice which had been spilled on the floor in the aisle and left for customers to navigate. Defendant Walmart owned, controlled, maintained, and managed Walmart #500 at the time of the fall. Plaintiff was an invitee because Defendant Walmart invites the public to peruse their aisles for groceries and other things. Walmart is in the business of selling goods and benefitted from Plaintiff's shopping and Plaintiff benefitted from buying goods from Defendant. The condition of the premises prosed an unreasonable risk of harm because of the presence of the rice on the floor in the aisle in the absence of a sign or other safety device or personnel guiding

customers away from the affected area or otherwise warning customers of the dangerous condition. Defendant had actual knowledge or reasonably should have known of the condition. Plaintiff did not have knowledge of the dangerous condition. As a result of Defendant's employees failing to take efforts to protect customers from the dangerous condition in the form of a sign, a worker, or other simple measure, Plaintiff was placed into an unreasonably dangerous condition, fell, and suffered severe injuries. Following the fall, both the store manager and an employee noted that he had fallen in the rice that had previously been spilled in the aisle and not cleaned. As such, Defendant breached its duty to Plaintiff to exercise ordinary care.

8. Plaintiff was proximately caused serious injuries and damages by being placed in an unreasonably dangerous condition by Defendant's employees' negligent activity and fell.

9. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause the alleged damages.

## V.
## PREMISES LIABILITY

10. Plaintiff incorporates paragraphs 1 through 9 as if fully set forth verbatim herein.

11. At, all times relevant Plaintiff was an invitee on Defendant's premises. Plaintiff entered Defendant's premises with invitation and for the benefit of Defendant and Plaintiff. The condition on Defendant's premises posed unreasonable risk of harm. Defendant had actual knowledge reasonably should have known of the condition. Plaintiff did not have knowledge of the dangerous condition on Defendant's premises. Defendant had a duty to Plaintiff to exercise ordinary care—which includes: a duty to inspect and make safe any dangerous condition or give adequate warning of the dangerous condition. As an invitee, Defendant owed Plaintiff a duty to prevent unreasonable and foreseeable injury to Plaintiff

based on Defendant's knowledge of the danger.

12. The conduct of Defendant, or that of Defendant's officers, agents, servants, employees and/or representatives, constituted negligence as that term is understood in law and such conduct was the proximate cause of the occurrence made the basis of this suit.

13. Defendant and their employees had actual knowledge or reasonably should have known of the condition that the spilled rice on their premises was an unreasonably dangerous condition and placed Plaintiff in the unreasonably dangerous condition, did not warn Plaintiff of the unreasonably dangerous condition, and did nothing to fix the unreasonably dangerous condition.

14. This conduct amounted to breach of Defendant's duties to Plaintiff, and the breach resulted in damages to Plaintiff.

15. Nothing Plaintiff did or failed to do was in any way a cause or contributing factor to this incident.

16. At the time and on the occasion in question, Defendant owed duties to Plaintiff, including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question:

    (a) In failing to maintain the public aisles of the Defendant's premises;

    (b) In failing to warn Plaintiff of the dangerous condition within the premises;

    (c) In permitting the public aisle to remain in its dangerous state;

    (d) In failing to properly train or require its employees on how to eliminate dangerous conditions on the premises;

    (e) In failing to timely and properly address the dangerous condition; and

(f) In failing to inspect the area in a proper and timely manner.

Plaintiff would show that such negligence proximately caused damages to Plaintiff.

17. At the time of the incident in question, Defendant controlled the exact premises in question where the incident took place. Defendant owed and assumed a duty to provide a reasonably safe premise. The condition of the landfill premises, as described herein, posed an unreasonable risk of harm. Specifically, Defendant breached its duty of ordinary care by failing in its duties (a) through (f) listed in paragraph 16.

## VI.
## RESPONDEAT SUPERIOR

18. Plaintiff states that at the time of the occurrence made the basis of this suit, both the individuals responsible for the upkeep of the Defendant's premises were acting in the capacity as agent, servant, and/or employee of Defendant and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and they should be held vicariously liable for the acts and omissions of their agents and/or employees and/or servants.

## VIII.
## PLAINTIFF'S DAMAGES

20. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

21. As a direct and proximate result of Defendant's breach of duty, Plaintiff was caused to incur the following damages:

   A. Reasonable past medical care and expenses. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein, and such charges are reasonable and were usual and customary charges for such services in the county where Plaintiff was treated;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.      Physical pain and suffering in the past;

    D.      Physical pain and suffering in the future;

    E.      Mental anguish in the past;

    F.      Mental anguish in the future;

    G.      Lost wages;

    H.      Impairment in the past; and

    I.      Impairment in the future.

## IX.
## CONDITIONS PRECEDENT

22. All conditions precedent have been performed or have occurred.

## X.
## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

23. Pursuant to *Texas Rule of Civil Procedure* 193.7 Plaintiff hereby gives notice of intent to use all documents produced by any party including Defendant in response to written discovery requests propounded in all pretrial proceedings and trial.

## XI.
## JURY DEMAND

24. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a jury trial of the cause, judgment be entered for Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the highest legal rate;

costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: */s/ Katy Thompson*

Benedict James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Katy Thompson
Texas Bar No.: 24104270
Katy.Thompson@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
11130 Jollyville Road,
Ste. 100
Austin, TX 78759
Tel.: (512) 369-3645
Fax: (512) 382-6646

**ATTORNEYS FOR PLAINTIFF**

El Paso County - County Court at Law 3          Filed 7/26/2021 9:15 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2280

IN THE COUNTY COURT AT LAW NO. 3
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| GEORGE OLAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2021DCV2280 |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

# **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART INC. (proper entity being Wal-Mart Stores Texas, LLC) files its Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

## II.
## DEFENSES

A.  The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.  To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendant denies, those injuries and damages were proximately caused by the acts or omissions

of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.     Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.     Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.     Defendant would show that the occurrence in question may have been caused by the negligence of a third party over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

F.     Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

G.     The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

H.     Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

I.     Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

J.     Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

### III.

### AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A. Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B. To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

### IV.

### JURY DEMAND

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___*/s/ Laura Enriuqez*_____
   Laura Enriquez
   State Bar No. 00795790
   Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 26th day of July 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Benedict James
Katy Thompson
Esteban Sandoval
Sandoval James, PLLC
11130 Jollyville Road, Suite 100
Austin, TX 78759
Benedict.James@sj-lawfirm.com
Katy.Thompson@sj-lawfirm.com
Esteban.Sandoval@sj-lawfirm.com

   __*/s/ Laura Enriquez*_____
   Laura Enriquez

IN THE COUNTY COURT AT LAW NO. 3
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| GEORGE OLAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2021DCV2280 |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

COMES Defendant WALMART INC., having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: __/s/ Laura Enriquez_____
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 26TH day of July 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Benedict James
Katy Thompson
Esteban Sandoval
Sandoval James, PLLC
11130 Jollyville Road, Suite 100
Austin, TX 78759
Benedict.James@sj-lawfirm.com
Katy.Thompson@sj-lawfirm.com
Esteban.Sandoval@sj-lawfirm.com

                                                    */s/ Laura Enriquez*
                                                    Laura Enriquez

El Paso County - County Court at Law 3                                    Filed 8/25/2021 4:26 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2280

IN THE COUNTY COURT AT LAW NO. 3
EL PASO COUNTY, TEXAS

| | |
|---|---|
| GEORGE OLAGUE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. 2021DCV2280 |
| § | |
| WALMART INC., § | |
| § | |
| Defendant. § | |
| § | |

## CERTIFICATE OF SERVICE

I hereby certify on the 25th day of August 2021, Defendant served upon counsel for Plaintiff, Benedict James, Katy Thompson, Esteban Sandoval, Sandoval James, PLLC, 11130 Jollyville Road, Suite 100, Austin, Texas 78759 via ECF/electronic service\email the following written discovery:

1. Defendant's Initial Disclosure
2. First Set of Interrogatories to Plaintiff
3. First Set of Requests for Admissions to Plaintiff

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999
Phone: (915) 532-2000
Telefax: (915) 541-1597

By: _/s/ Laura Enriquez_
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendant

Copy from re:SearchTX

## **CERTIFICATE OF SERVICE**

  In compliance with Texas Rule of Civil Procedure 21a (a)(2), I certify on this the 25th day of August 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Benedict James
Katy Thompson
Esteban Sandoval
Sandoval James, PLLC
11130 Jollyville Road, Suite 100
Austin, TX 78759
Benedict.James@sj-lawfirm.com
Katy.Thompson@sj-lawfirm.com
Esteban.Sandoval@sj-lawfirm.com

                 */s/ Laura Enriquez*
                  Laura Enriquez

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 56663969
Status as of 8/26/2021 11:35 AM MST

Associated Case Party: GEORGE OLAGUE

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Karen Martinez-Perez | | karen.martinezp@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Katy Thompson | | katy.thompson@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Maria Leos | | maria.leos@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Gina Perez | | gina.perez@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Maria Leos | | maria.leos@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Nora Alonso | | Nora.Alonso@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |
| Drew Beglau | | drew.beglau@sj-lawfirm.com | 8/25/2021 4:26:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jeanette Williams | | jwilliams@mgmsg.com | 8/25/2021 4:26:21 PM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 8/25/2021 4:26:21 PM | SENT |

Associated Case Party: WALMART INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Laura Enriquez | | enriquez@mgmsg.com | 8/25/2021 4:26:21 PM | SENT |